UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

E.K. WADE,

        Plaintiff,

        v.

HENRY J. KERNER,

        Defendant.

Case No. 21-cv-2396 (GMH)

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Defendant Henry J. Kerner's motion to dismiss the complaint filed by Plaintiff E.K. Wade (ECF No. 25) and Plaintiff's "Motion To Dismiss Complaint for Damages Without Prejudice" (ECF No. 26). The Court will grant Plaintiff's motion and, as a result, denies Defendant's motion as moot.

    This case generally revolves around Plaintiff's allegation that Defendant and the United States Office of Special Counsel ("OSC") failed to adequately investigate whistleblower claims that Plaintiff filed concerning his treatment as an employee in a Department of Labor field office in California. His original complaint, filed on September 6, 2021, was 133 pages long and challenging to decipher. ECF No. 1. Liberally construed, the original complaint brought negligence, negligent infliction of emotional distress, and lost wages claims against Defendant, the head of the OSC, for the OSC's failure to investigate his whistleblower complaints against, among other persons and entities, numerous Department of Labor officials. *Id.* Plaintiff also appeared to assert First and Fifth Amendment *Bivens* claims against Defendant. *Id.* Plaintiff then attempted to amend his complaint several times. *See* ECF Nos. 5, 7, 14, 15, 18. The Court held a hearing on December 23, 2021, to address which of Plaintiff's numerous complaints would be deemed the

operative pleading document.  *See* Minute Entry (Dec. 23, 2021).  The parties agreed that Plaintiff would be permitted to file one more complaint—a sixth amended complaint—to which the Defendant would respond.  *Id.*  Consistent with that agreement, Plaintiff filed a Sixth Amended Complaint on December 30, 2021.  ECF No. 23.  The document stretches some 160 pages and, again, is difficult to interpret, but appears to contain First and Fifth Amendment *Bivens* claims and seeks damages.  *Id*.

Defendant subsequently moved to dismiss the Sixth Amended Complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief could be granted.  ECF No. 25.  Plaintiff then moved to voluntarily dismiss his claims without prejudice.  ECF No. 26.  The Court will construe Plaintiff's motion as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  As explained, the Court grants Plaintiff's motion and therefore denies Defendant's motion as moot.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss an action without a court order "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  Rule 41(a)(1) provides a "simple, self-executing mechanism," whereby "the plaintiff files a notice of dismissal[;] . . . the dismissal takes effect automatically[; and] the trial judge has no role to play at all."  *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987).  "The dismissal is without prejudice, unless the notice states otherwise."  *Norris v. D.C. Gov't*, No. CIV.A 05-1122, 2008 WL 7994986, at *5 (D.D.C. Aug. 1, 2008), *report and recommendation adopted sub nom. Norris v. Univ. of D.C.* 05-01122, 2008 WL 7994985 (D.D.C. Sept. 12, 2008).

Here, Defendant has not filed an answer to Plaintiff's complaint or a motion for summary judgment. So, the action must be dismissed.[1] *See, e.g.*, *Annapolis Citizens Class Overcharged for Water-Sewer, by Loudon Operations, LLC v. Stantec, Inc.*, No. CV 20-2603, 2021 WL 75766, at *4 (D.D.C. Jan. 8, 2021) ("Plaintiff has filed a notice of voluntary dismissal without prejudice. This action must be dismissed without prejudice because defendants have not yet answered plaintiff's complaint or filed a motion for summary judgment."); *Miniter v. Sun Myung Moon*, 736 F. Supp. 2d 41, 45 n.7 (D.D.C. 2010) ("In the present case, none of the defendants the plaintiff purports to dismiss has filed an answer or motion for summary judgment. Therefore, the plaintiff properly dismissed his claims against these defendants pursuant to Rule 41(a)(1)(A)(i)."); *Little v. Trott & Trott, P.C.*, No. CIV.A. 09-1882, 2009 WL 4827441, at *1 (D.D.C. Dec. 14, 2009) (dismissing case where plaintiff filed motion to dismiss and "none of the [d]efendants have filed either an answer or a motion for summary judgment").

The fact that Defendant has filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) does not change the calculus. "[C]ourts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case." *West v. Am. Fresh Foods, L.P.*, No. 7:10-91, 2011 WL 63563, at *1 (M.D. Ga. Jan. 4, 2011); *see also Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court dismissal of action when the plaintiff filed her dismissal after the defendant filed a Rule 12(b)(6) motion to dismiss); *Kilpatrick v. Texas & P.R. Co.*, 166 F.2d 788, 792 (2d Cir. 1948) (explaining that filing a motion to dismiss for lack of personal jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the case); *Brown v. T–Ink, LLC.*, 2007 WL

---

[1] Because Plaintiff has styled his submission as a "motion," the Court enters this Memorandum Opinion and Order granting it although that is technically unnecessary because, as noted, the dismissal is "self-executing." *Randall*, 820 F.2d at 1320.

4098207, at * 3 (E.D. Mich. Nov. 16, 2007) ("It is well-established that a plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b), subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment." (citation and quotations omitted)); *Seippel v. Jenkens & Gilchrist, P.C.*, 2004 WL 2809205, at * 1 (S.D.N.Y. Dec. 7, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").

Further, given Plaintiff's dismissal of his own complaint, Defendant's bid to dismiss the same is now moot. *See, e.g.*, *Bush v. Semyenova*, 255 F. Supp. 3d 235, 238 (D.D.C. 2017) (finding that grant of motion to dismiss under Fed. R. Civ. P 41 (a)(1)(A)(i) mooted defendant's motion to dismiss); *Little*, 2009 WL 4827441, at *1 (same).

Thus, it is hereby

**ORDERED** that Plaintiff's "Motion To Dismiss Complaint for Damages Without Prejudice" (ECF No. 26) is **GRANTED**. It is further

**ORDERED** that Defendant's motion to dismiss the Sixth Amended Complaint (ECF No. 25) is **DENIED** as **MOOT**.

The Clerk shall close this case.

**SO ORDERED.**

Date:  March 15, 2022

_____
G. Michael Harvey
United States Magistrate Judge